**Margo FRASIER, Travis County Sheriff, In Her Official Capacity; and Travis County, Texas, Appellants,**

v.

**Elvina YANES, Janet Cisneros, and Patricia Mitchell, Appellees.**

No. 03–99–00408–CV.

Court of Appeals of Texas, Austin.

Dec. 16, 1999.

Todd Clark, Asst. County Atty., Austin, for appellant.

Rick Freeman, Colbert, Freeman & Stribling, Austin, for appellee.

Before Justices B.A. SMITH, YEAKEL and PATTERSON.

BEA ANN SMITH, Justice.

Three detention officers in the Travis County Sheriff's office were injured while performing their official duties. They brought suit seeking a declaratory judgment that article III, section 52e of the state constitution entitled them, as law-enforcement officers, to receive their full salary during their period of recovery. Sheriff Margo Frasier in her official capacity and Travis County (collectively Frasier) raised a plea to the jurisdiction, claiming that the constitutional provision is not self-enacting and did not waive sovereign immunity, or alternatively that the officers did not exhaust their administrative remedies or properly present their claims. The trial court denied the plea to the jurisdiction. On appeal Frasier presents four issues that allegedly deprive the trial court of jurisdiction to grant declaratory relief. We will affirm.

## BACKGROUND

Elvina Yanes, Janet Cisneros, and Patricia Mitchell worked for the Travis County Sheriff's Office as detention officers. After suffering on-the-job injuries, each filed for and received workers' compensation. They did not, however, receive their full salaries during their physical incapacitation, payment they claim they were entitled to under article III, section 52e of the Texas Constitution.[1]

The sheriff's office required these officers to use accrued sick, vacation, and personal leave during their time off from work. Because of their physical inability to carry out the various tasks required of detention officers, the sheriff's office appointed the injured officers to the civilian position of security coordinator at a lesser salary.

All three officers filed suit in district court arguing that the county owed them their maximum salary for the time they spent as incapacitated law-enforcement officers. They specifically sought a declaration under the Uniform Declaratory Judgments Act[2] that they are law-enforcement officers for purposes of section 52e. Frasier filed a plea to the jurisdiction, claiming that the constitutional provision does not specifically waive sovereign immunity and arguing that the plaintiffs failed to exhaust their administrative remedies or to make proper presentment. The district court denied the plea, and Frasier filed an expedited appeal to review this denial.

## HISTORY OF ARTICLE III, SECTION 52e

Article III, section 52e of the Texas Constitution provides:

Each County in the State of Texas is hereby authorized to pay all medical expenses, all doctor bills, and all hospital bills for Sheriffs, Deputy Sheriffs, Constables, Deputy Constables and other county and precinct law enforcement officials who are injured in the course of their official duties; providing that while said Sheriff, Deputy Sheriff, Constable, Deputy Constable or other county or precinct law enforcement official is hospitalized or incapacitated that the county shall continue to pay his maximum salary; providing, however, that said payment of salary shall cease on the expiration of the term of office to which such official is elected or appointed.

Tex. Const. art. III, § 52e.

At the time section 52e was adopted in 1967, county law-enforcement officers were not entitled to workers' compensation. The high risk involved in law-enforcement work made this a particular concern. Furthermore, article III, section 52e of the state constitution seemed to prevent the counties from self-insuring their workers

---

1. *See* Tex. Const. art. III, § 52e.

2. Tex. Civ. Prac. & Rem.Code Ann. §§ 37.001–.011 (West 1997).

by prohibiting a grant or loan of public funds to private individuals. Section 52e avoided this prohibition by authorizing counties to pay medical expenses for law-enforcement officers injured while performing their official duties.

In addition, the constitutional provision provided that while incapacitated the injured officer was to receive her maximum salary until recovery or the end of the official's term of office. The Attorney General noted that the danger of the work made it necessary for the government to provide these incentives to law-enforcement personnel. *See* Tex. Att'y Gen. Op. LO–62 (1993).

In 1973, the workers' compensation statute was amended to cover law-enforcement officers of all political subdivisions.[3] *See* Tex.Rev.Civ. Stat. Ann. art. 8309h (West 1967 & Supp.2000) (recodified at Tex. Lab. Code Ann. §§ 504.001–.073 (West 1996)). For an interim period, county officers were entitled to their maximum salary under section 52e *and* to workers' compensation benefits. *See El Paso County v. Jeffers*, 699 S.W.2d 375, 377 (Tex.App.—El Paso 1985, no writ). This "double dipping" was eliminated in 1987 by the adoption of section 5 to article 8309h of the revised civil statutes, later codified as section 504.051 of the Texas Labor Code, which reduces the workers' compensation benefits paid to an injured county officer who receives his maximum salary under the provision of section 52e. *See* Tex. Lab.Code Ann. § 504.051. Salary payments made under section 52e are mandatory and may not be reduced. *See* Tex. Att'y Gen. Op. LO–62. With this background in mind, we will address Frasier's issues on appeal.

## DISCUSSION

Frasier raises four arguments to defeat jurisdiction: article III, section 52e is not self-enacting and does not waive sovereign immunity; the Uniform Declaratory Judgments Act itself cannot create jurisdiction

where none exists; Yanes, Cisneros, and Mitchell failed to exhaust their administrative remedies; and they failed to properly present their claims to the county as required by section 81.041 of the Texas Local Government Code. Tex. Loc. Gov't Code Ann. § 81.041 (West 1999). Whether the trial court properly denied Frasier's plea to the jurisdiction presents a pure question of law that we will review *de novo*. *See State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 735 (Tex.App.—Fort Worth 1996, writ denied).

### Article III, Section 52e

Frasier makes a two-part challenge to the officers' right of action under the constitution: that section 52e is not self-enacting and that it does not waive sovereign immunity.

#### (a) Self-enacting

Frasier relies on *City of Beaumont v. Bouillion* for the proposition that section 52e creates no implied cause of action. *See* 896 S.W.2d 143 (Tex.1995). The *Bouillion* court held that the Bill of Rights has no implied cause of action and therefore plaintiffs could not recover for injuries to their free-speech interests. *See id.* at 147. However, the court distinguished general constitutional guarantees in the Bill of Rights from a specific textual entitlement to compensation, such as that found in article I, section 17 (the takings clause). *See id.* at 149; Tex. Const. art. I, § 17. The officers in our case do not seek damages for a general constitutional tort, as in *Bouillion*, but have sued to enforce a specific constitutional entitlement to compensation. In this regard, section 52e is analogous to the takings clause; it confers a narrow contextual right of compensation. In *Steele v. City of Houston*, the supreme court stated, "[t]he Constitution itself is the authorization for compensation for the destruction of property and is a waiver of governmental immunity for the taking, damaging, or de-

---

**3.** Political subdivision is a county or any other legally constituted political subdivision of the state. *See* Tex. Lab.Code Ann. § 504.001(3) (West 1996).

struction of property for public use." 603 S.W.2d 786, 791 (Tex.1980). The *Bouillion* court refused to expand the direct authorization recognized in *Steele* to include a right to damages for every constitutional tort, admonishing that "this language cannot be interpreted beyond its context." *See Bouillion*, 896 S.W.2d at 149 (referring to *Steele*, 603 S.W.2d at 791). To recognize a direct cause of action under section 52e, we need not expand the holding in *Steele;* indeed the entitlement to compensation under section 52e is even narrower than the takings clause. It applies only to county law-enforcement officers injured while performing their official duties. The takings clause provides that "no person's property shall be taken, damaged or destroyed or applied to public use without adequate compensation." Tex. Const. art. I, § 17. A constitutional provision is said to be self-enacting when it supplies a rule sufficient to protect the right given or permit enforcement of the duty imposed. *See Motorola v. Tarrant County Appraisal Dist.*, 980 S.W.2d 899, 902 (Tex.App.— Fort Worth 1998, no pet.). Section 52e is itself, in a narrowly defined context, authorization for compensation by the county to incapacitated officers and like the takings provision grants a private cause of action to those entitled to maximum pay according to its terms. *See* Tex. Const. art. III, § 52e.

Furthermore, three courts of appeals cases have impliedly recognized a cause of action for law-enforcement officers to enforce their rights under article III, section 52e, although the issue of jurisdiction was never directly addressed. *See County of El Paso v. Hill,* 754 S.W.2d 267, 268 (Tex.App.—El Paso 1988, writ denied) (holding deputy entitled to maximum salary from date of injury to date of recovery or until expiration of sheriff's term, whichever comes first); *Samaniego v. Arguelles,* 737 S.W.2d 88, 90 (Tex.App.—El Paso 1987, no writ) (terminated deputies not entitled to reinstatement, but termination did not preclude right to receive maximum

salary during incapacitation); *Jeffers,* 699 S.W.2d at 377 (affirming trial court's award of back pay for unlawful offset of workers' compensation payments). We hold that article III, section 52e is self-enacting and that these officers may sue to enforce their constitutional entitlement to maximum pay.

#### (b) Waives Sovereign Immunity

The supreme court stated in *Federal Sign v. Texas Southern University* that it is the legislature's sole province to waive or abrogate sovereign immunity. *See* 951 S.W.2d 401, 409 (Tex.1997). Additionally, a waiver of immunity must be clear and unambiguous. *See Toungate v. Bastrop Indep. Sch. Dist.*, 842 S.W.2d 823, 828 (Tex.App.—Austin 1992, no writ) (citing *Duhart v. State,* 610 S.W.2d 740, 742 (Tex.1980)). Frasier contends that section 52e does not expressly waive sovereign immunity. Constitutional amendments, however, are not like statutes. The language of section 52e may appear statute-like, but it is of constitutional dimension. A legislative doctrine, such as sovereign immunity, may not abrogate a right directly conferred by a section of the Texas Constitution. "It is fundamental that the Constitution is the paramount law of the state and cannot be altered by legislative amendments." *Jones v. Ross,* 141 Tex. 415, 173 S.W.2d 1022, 1024 (1943). Alternatively, by conferring a textual entitlement, section 52e is itself the authorization for the payment to county law-enforcement officers and a waiver of sovereign immunity.

Frasier also cites *O'Bryant v. City of Midland* for the proposition that a suit for monetary relief is barred by sovereign immunity. *See* 949 S.W.2d 406, 414 (Tex. App.—Austin 1997, pet. granted). In *O'Bryant,* several police officers sued their supervisors and the city alleging unlawful employment practices. *See id.* at 409. To their other statutory and common-law pleadings the officers appended a claim that their right to free speech had been

violated. *See id.* The officers sought reinstatement and back pay as remedies for alleged violations of their constitutional rights. *See id.* at 413. To determine whether their claims were barred by sovereign immunity we analyzed whether the request was pursued as an equitable claim. *See id.* at 413–14. We held that sovereign immunity barred the officers' suit for damages as a remedy for the constitutional tort they allegedly suffered. *See id.* at 414. We noted that seeking back pay as damages for a constitutional tort fell under the prohibition announced in *Bouillion.* *See id.* But we declined to interpret *Bouillion* as precluding all awards of money for a constitutional violation. *See id.* Today, we recognize a narrow exception to such an absolute bar: a suit for equitable relief to enforce a right to compensation specifically set forth in the constitution. The detention officers' equitable claim here is distinguishable from the *O'Bryant* officers' suit for general constitutional tort damages. For the same reason that we distinguish this suit to enforce a textual entitlement to compensation from the constitutional tort at issue in *Bouillion,* we distinguish this claim for specific performance of a constitutional right from the claim for back pay in *O'Bryant.* We overrule Frasier's first issue.

### Declaratory Judgment

 In her second issue on appeal, Frasier makes two arguments based on the Uniform Declaratory Judgments Act. Tex. Civ. Prac. & Rem.Code Ann. §§ 37.001–.011 (West 1997). First, Frasier contends that the Declaratory Judgments Act does not apply to clarify constitutional provisions. We disagree. The Declaratory Judgments Act may be used to clarify statutes or constitutional imperatives. *See Chenault v. Phillips,* 914 S.W.2d 140, 141 (Tex.1996). Historically, challengers to improper governmental action have sought declaratory relief. *See State Bar of Tex. v. Gomez,* 891 S.W.2d 243, 244 (Tex.1994) (constitutional challenge to failure of State Bar to compel lawyers to provide free legal services to indigent Texans); *Davenport v. Garcia,* 834 S.W.2d 4, 5–6 (Tex.1992) (applying Texas constitutional guarantee of free expression to invalidate gag order); *Edgewood Indep. Sch. Dist. v. Kirby,* 777 S.W.2d 391, 397 (Tex.1989) (finding state school finance system unconstitutional). Second, Frasier argues that the Declaratory Judgments Act does not confer jurisdiction. We agree. A claimant seeking a declaratory action must already have a cause of action at common law or under some statutory or constitutional provision. A declaratory judgment declares the rights and duties or the status of parties in a justiciable controversy. *See Blackmon v. Parker,* 544 S.W.2d 810, 812 (Tex.Civ. App.—El Paso 1976), *aff'd,* 553 S.W.2d 623 (Tex.1977). Because we have decided that section 52e confers a private cause of action, a declaratory judgment is a proper action for determining the officers' rights under this constitutional provision. We overrule Frasier's second issue.

### Exhaustion of Administrative Remedies

 In a third issue, Frasier argues that the officers have failed to exhaust their administrative remedies and this deprives the court of jurisdiction to hear their case. Requiring exhaustion of administrative remedies is a well-established doctrine, but a doctrine with numerous exceptions. The officers did not file any formal complaint with either the county civil service commission or the commissioners court. However, when pure questions of law are involved, the doctrine of exhaustion of administrative remedies does not apply. *See Grounds v. Tolar Indep. Sch. Dist.,* 707 S.W.2d 889, 892 (Tex.1986). In this case, the facts are undisputed and the question before the trial court is a pure question of law—whether the plaintiffs are law-enforcement officers entitled to their constitutionally protected salary during a period of disability. Concluding that the officers did not need to exhaust their administrative remedies prior to raising this

issue of law before the trial court, we overrule Frasier's third issue.

### Failure to Present

Section 81.041(a) of the Texas Local Government Code requires claimants to present their claims to the commissioners court before filing suit against the county.[4] *See* Tex. Loc. Gov't Code Ann. § 81.041(a). The supreme court has recently determined that section 81.041 is a notice requirement and not jurisdictional. *See Essenburg v. Dallas County,* 988 S.W.2d 188, 188 (Tex.1998). Because presentment is not jurisdictional and is merely an issue of notice, it is inappropriate to raise this issue in a plea to the jurisdiction. Both parties acknowledged this at trial. We therefore overrule Frasier's fourth issue.

### CONCLUSION

Having overruled all issues on appeal, we affirm the district court's judgment denying Frasier's plea to the jurisdiction.

---

4. Section 81.041(a) reads as follows:
 (a) A person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim.

 Tex. Loc. Gov't Code Ann. § 81.041(a) (West 1999).