TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00510-CV






City of Austin, Appellant



v.



Steve Pendergrass, Individually and on Behalf of all other similarly situated police


officers of the Austin Police Department, and Kathy Smith, Individually and on


behalf of all other similarly situated civilian employees of the


Austin Police Department, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-14283, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 







 The City of Austin appeals following a declaratory-judgment proceeding in which
the trial court granted summary judgment in favor of the appellees, Austin Police Department
officers and civilian employees who worked on Christmas Day 1993 and 1994. At issue is the
interpretation of a portion of the City's Personnel Policies Manual that addressed pay for working
on Christmas Day. The trial court interpreted the relevant portion of the manual to mean that the
City must pay the appellees time-and-one-half plus their regular pay for working the two
Christmas Days. On appeal, the City contends that (1) the manual was not a contract and
therefore could not be the basis for a cause of action; (2) the appellees failed to exhaust their
administrative remedies; and (3) regardless of these two issues, the trial court incorrectly
interpreted the relevant provision of the manual. We will affirm the trial court's declaratory
judgment.


Background


 For working Christmas Day 1993, a Saturday, and Christmas Day 1994, a Sunday,
the City paid appellees time-and-one-half. The appellees contended that based on provisions in
the City's Personnel Policies Manual they were entitled to be paid time-and-one-half plus their
regular pay for working on these two Christmas Days. The appellees commenced this
declaratory-judgment proceeding seeking an interpretation of the following section IV B.1.a.(1)(a)
of the Personnel Policies Manual relating to holiday pay:


Employees who are regularly scheduled to work on holidays (except Christmas
Day) shall have holiday hours added to their personal leave or shall be paid regular
rates for the time worked in addition to their holiday pay. Employees who work
on Christmas Day will be paid time-and-one-half for hours worked in addition to
holiday pay. 



 The appellees moved for summary judgment contending that as a matter of law this
provision meant that they were entitled to two-and-one-half times their regular pay (time-and-one-half plus their regular pay) for working these two Christmas Days. In addition to a plain reading
of the provision, the appellees contended that a memorandum distributed by the Chief of Police
and an Austin Police Department General Order supported their position. On December 15,
1994, the Chief of Police distributed a memorandum within the Police Department addressing
Christmas Day holiday pay. The memorandum stated that officers and employees who work
Christmas Day "will receive payment for time and one half in addition to normal pay for that day. 
(No exception vacation credit will be earned)." (Emphasis added.) Additionally, the Austin
Police Department General Order 701.05, effective February 23, 1994, addressed city observed
holidays and contained the following section: 


A. Accruement


1. Eight (8) hours of Exception Vacation Leave is automatically credited to sworn
employees for each official holiday. 


. . . .


3. Exception: All employees who work on Christmas Day will receive payment for
time and one-half (1-1/2) hours in addition to their normal pay for that day.



When the appellees received their paychecks and noticed that they received only time-and-one-half
for Christmas Day they asked the City's personnel services department why they had not also
received their regular pay for working on Christmas Day. The City's personnel services
department explained to them that Christmas Day as referred to in the manual was not December
25 but was the City's officially observed Christmas Day holiday. The personnel department
explained that because Christmas Day 1993 fell on a Saturday, the City officially observed the
holiday on Friday and because Christmas Day 1994 fell on a Sunday, the City officially observed
the holiday on Monday. As a result, the personnel services department told the officers and
employees that the holiday pay, which it interpreted to mean time credited to exception vacation
leave, would be paid for the officially observed day, not the actual Christmas Day. The City
explained that the officers and employees would receive eight hours of exception vacation credit
on the officially observed holiday and not any additional monetary compensation for working
Christmas Day.

 The appellees noted that the City's charter Article IX, section 3 titled Personnel
Policies provides that 


The administration of the classified services of the city shall be governed by
written rules and regulations to be known as "Personnel Policies." . . . [T]he
personnel policies shall be presented to the [city] council for adoption. . . . All
policies adopted shall have the force and effect of law.



Thus, pursuant to the City's charter, the appellees argued, all City personnel policies must be
approved by the city council in the form of a city ordinance. The appellees contended that
because only the city council could change or modify personnel policies by ordinance, the
personnel policies could give rise to a declaratory-judgment cause of action. 

 The City responded to the appellees' motion for summary judgment and also filed
its own motion for summary judgment. The City contended that this Court concluded in Byars
v. City of Austin, 910 S.W.2d 520 (Tex. App.--Austin 1995, writ denied), that the manual did not
create a contract and therefore could not give rise to a cause of action. The City also contended
that the appellees failed to exhaust their administrative remedies before filing the lawsuit. Finally,
while the City did not contest that the appellees were entitled to time-and-one-half for working
on December 25, 1993 and 1994, it did contend that the proper interpretation of the relevant
policy was that the appellees would receive eight hours of exception vacation leave for working
on the observed Christmas Days, Friday, December 24, 1993 and Monday, December 26, 1994. 


 The parties stipulated that the City's personnel policies at issue were adopted
September 12, 1994, by City Ordinance No. 940912-E.

 In its summary-judgment order, the trial court determined that it had jurisdiction
to grant relief pursuant to the Declaratory Judgment Act. See Tex. Civ. Prac. & Rem. Code Ann.
§ 37.004 (West 1997). The trial court declared that based on the City's charter, the Personnel
Policies Manual had the force and effect of law. Ultimately, the trial court declared that the
City's failure to pay the appellees time-and-one-half plus regular pay for working on December
25, 1993 and 1994 violated the City's personnel policy and the officers and employees who
worked on those days were entitled to receive their regular pay in addition to the time-and-one-half pay. 


Discussion


 First, we address the City's complaint that the appellees did not have a viable cause
of action. The City, in concluding that the appellees were without standing to bring the
underlying declaratory-judgment action based on this Court's Byars opinion, has read Byars too
broadly. See Byars, 910 S.W.2d at 520. Byars involved a breach of contract claim whereas this
case involves a declaratory-judgment action. The issue in Byars was whether the same personnel
manual at issue here expressly altered the at-will-employment status of a City employee. See id. 
In Byars, this Court held that the manual did not alter the at-will-employment status of the plaintiff
and the employee did not have a protected property interest in employment that would entitle her
to more procedural protection than she received. See id. at 524. The Byars decision held that the
manual did not create an employment contract or limit the City's power to terminate an employee
in any way. See id. 

 Parties may have any question regarding construction of a city ordinance
determined by a declaratory-judgment action. See City of Schertz v. Parker, 754 S.W.2d 336, 338
(Tex. App.--San Antonio 1988, no writ); Tex. Civ. Prac. & Rem. Code Ann. § 37.004. The
parties presented conflicting interpretations of a portion of the personnel policies adopted in City
Ordinance No. 940912-E. An actual, bona fide and justiciable controversy existed and a suit for
declaratory judgment was therefore authorized. See City of Wichita Falls v. Evans, 410 S.W.2d
311, 312 (Tex. Civ. App.--Fort Worth 1966, no writ). Concluding that the appellees had a viable
declaratory-judgment action, we overrule the City's first issue. 

 Second, we address the City's complaint that the appellees failed to exhaust their
administrative remedies. The issue before the trial court was a pure question of law. The
doctrine of exhaustion of administrative remedies does not apply when the issue is purely a
question of law. See Grounds v. Tolar Indep. Sch. Dist., 707 S.W.2d 889, 892 (Tex. 1986);
Frasier v. Yanes, 9 S.W.3d 422, 427 (Tex. App.--Austin 1999, no pet.). In this case the facts are
undisputed and the question before the trial court, whether the appellees were entitled to regular
pay in addition to time-and-one-half for working on Christmas Day in 1993 and 1994, was a pure
question of law. Concluding that the officers and employees did not need to exhaust their
administrative remedies before raising the question of law, we overrule the City's second issue.


 Finally, we address the City's complaint that the trial court incorrectly construed
the personnel policy regarding Christmas Day pay. 

 The City admits that in 1991 and 1992, officers and employees who worked on
Christmas Day received two-and-one-half times their regular pay. During 1991 and 1992, the
officers' and employees' vacation accounts were not credited and they were paid outright time-and- one-half plus their regular pay for working on Christmas Day. In a memorandum from the
City's human resources director to the assistant police chief in January 1995, the director
explained, 


in 1991 and 1992, adjustments were made to the officers' pay for the Christmas
Holiday (through reporting a "TA" transaction on their time records)--the
employees' exception vacation balances were reduced by 8 hours (already credited
by the system) and the employees received holiday pay instead.



The City argues that the reason it paid the appellees differently in 1993 and 1994 from past
practice was that in 1991 and 1992 Christmas Day fell on a regular work day unlike 1993 and
1994. The City contends that December 25, 1993 and 1994 were not official holidays therefore
the pay would be different. We conclude that this is a distinction without a difference. 

 Based on a plain reading of the personnel policy at issue, Christmas Day is excepted
from the other City holidays. Under the personnel policies, Christmas Day is treated differently
than the other officially recognized holidays because as the director of personnel noted, "The City
recognizes that December 25 is a special holiday for many employees and because of this [the
City] provides employees required to work on December 25 with a higher rate of compensation
for their hours worked (time and one-half their hourly rate)." We note that the director in his
letter of explanation left off the rest of the sentence in the manual. 

 As noted by the Chief of Police in her December 1994 memorandum, if you work
on 


December 25, 1994, you will receive payment for time and a half in addition to
normal pay for that day. (No exception vacation credit will be earned.) If you
work on Monday December 26 (the official city holiday), you will receive 8 hours
of exception vacation plus your regular hours worked.



The City did not pay the appellees in accordance with this memorandum. Additionally, the Austin
Police Department General Order 701.05 provided an exception for Christmas Day stating that
all employees who work on Christmas Day will receive payment for time-and-one-half in addition
to their normal pay for that day. The City did not pay appellees in accordance with this order.

 The City's theory requires looking at two days to establish pay for Christmas Day.
While the City is willing to recognize the dates December 25, 1993 and 1994 as days for which
it must pay time-and-one-half for hours actually worked, it then looks to what it argues is the
officially recognized Christmas Day, December 24, 1993 or December 26, 1994 to determine
whether to credit vacation accounts. Based on a plain reading of the personnel policy, which is
supported by the Chief of Police's memorandum and the Police Department's General Order, the
Christmas Day holiday occurred on December 25, 1993 and 1994. The appellees were paid time-and-one-half for working December 25, 1993 and 1994, and we hold that the trial court did not
err in construing the personnel policy to require that the appellees were also entitled to receive
their holiday pay for actually working on Christmas Day. The City's third issue is overruled. 
We affirm the trial court's judgment.



 


 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: April 27, 2000

Publish



dies does not apply when the issue is purely a
question of law. See Grounds v. Tolar Indep. Sch. Dist., 707 S.W.2d 889, 892 (Tex. 1986);
Frasier v. Yanes, 9 S.W.3d 422, 427 (Tex. App.--Austin 1999, no pet.). In this case the facts are
undisputed and the question before the trial court, whether the appellees were entitled to regular
pay in addition to time-and-one-half for working on Christmas Day in 1993 and 1994, was a pure
question of law. Concluding that the officers and employees did not need to exhaust their
administrative remedies before raising the question of law, we overrule the City's second issue.


 Finally, we address the City's complaint that the trial court incorrectly construed
the personnel policy regarding Christmas Day pay. 

 The City admits that in 1991 and 1992, officers and employees who worked on
Christmas Day received two-and-one-half times their regular pay. During 1991 and 1992, the
officers' and employees' vacation accounts were not credited and they were paid outright time-and- one-half plus their regular pay for working on Christmas Day. In a memorandum from the
City's human resources director to the assistant police chief in January 1995, the director
explained, 


in 1991 and 1992, adjustments were made to the officers' pay for the Christmas
Holiday (through reporting a "TA" transaction on their time records)--the
employees' exception vacation balances were reduced by 8 hours (already credited
by the system) and the employees received holiday pay instead.



The City argues that the reason it paid the appellees differently in 1993 and 1994 from past
practice was that in 1991 and 1992 Christmas Day fell on a regular work day unlike 1993 and
1994. The City contends that December 25, 1993 and 1994 were not official holidays therefore
the pay would be different. We conclude that this is a distinction without a difference. 

 Based on a plain reading of the personnel policy at issue, Christmas Day is excepted
from the other City holidays. Under the personnel policies, Christmas Day is treated differently
than the other officially recognized holidays because as the director of personnel noted, "The City
recognizes that December 25 is a special holiday for many employees and because of this [the
City] provides employees required to work on December 25 with a higher rate of compensation
for their hours worked (time and one-half their hourly rate)." We note that the director in his
letter of explanation left off the rest of the sentence in the manual. 

 As noted by the Chief of Police in her December 1994 memorandum, if you work
on 


December 25, 1994, you will receive payment for time and a half in addition to
normal pay for that day. (No exception vacation credit will be earned.) If you
work on Monday December 26 (the official city holiday), you will receive 8 hours
of exception vacation plus your regular hours worked.



The City did not pay the appellees in accordance with this memorandum. Additionally, the Austin
Police Department General Order 701.05 provided an exception for Christmas Day stating that
all employees who work on Christmas Day will receive payment for time-and-one-half in addition
to their normal pay for that day. The City did not pay appellees in accordance with this order.

 The City's theory requires looking at two days to establish pay for Christmas Day.
While the City is willing to recognize the dates December 25, 1993 and 1994 as days for whi