# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

=====

## NO. 03-05-00284-CV

=====

**City of Austin, Appellant**

**v.**

**Democracy Coalition, Stefan Wray, Pam Thompson, Timothy R. Mesch, Risako Kurono,
Matthew Korn, Kristan Barber, Chandra Ward, Kristin Richardson,
Lucinda Beringer, Sonia Santana, Douglas Foxvog,
Ann Stark, and Susana Almanza, Appellees**

=====

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. GN101586, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

=====

## M E M O R A N D U M   O P I N I O N

In this case, the City of Austin appeals the district court's denial of its plea to the jurisdiction. Because the City has failed to establish that the district court lacked subject-matter jurisdiction, we affirm the judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

In late April 2001, appellees, individual members of Democracy Coalition, engaged in a protest of newly-elected President Bush while the President was visiting various sites in Austin.

---

[1] A fuller discussion of the factual and procedural background of this case is found in this Court's earlier opinion. *See Democracy Coalition v. City of Austin*, 141 S.W.3d 282 (Tex. App.—Austin 2004, no pet.).

The Coalition, whose protest followed the President from The Bob Bullock Texas State History Museum to the Governor's Mansion, maintained that the City violated their state and federal constitutional rights to free speech and assembly. In particular, the Coalition claimed that, during their protest outside the Governor's Mansion, the City, through its police department's mounted patrol[2] and official policies as executed, prevented them from gathering in their traditional protest location adjacent to the mansion, charged horses at their members, and allowed supporters of the President access to areas denied to members of the Coalition.

At trial, after the close of the Coalition's evidence, the district court entered an instructed verdict against the Coalition on all federal and state claims brought against the City. The Coalition appealed that judgment to this Court, and we reversed and remanded only the portion of the district court's judgment pertaining to the state constitutional claim. Specifically, we held that the question of whether the City's policies, as applied to the Coalition, violated the Texas Constitution could not be determined as a matter of law based on the record before us.

After remand of this state constitutional issue, the City challenged the district court's ability to hear the case by filing a plea to the jurisdiction. After a hearing, the district court denied the plea to the jurisdiction. The City then brought this interlocutory appeal.

---

[2] Although only two officers were named in the Coalition's suit, there were other members of the mounted patrol who were on the scene at the time of the Coalition's demonstration and applied the City's official policies. *See Democracy Coalition v. City of Austin*, 141 S.W.3d 282, 290 (Tex. App.—Austin 2004, no pet.).

2

**ANALYSIS**

We have jurisdiction to hear an interlocutory appeal from a district court's order granting or denying a plea to the jurisdiction by a governmental unit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2004-05). The City of Austin is such a governmental unit. *See id.* § 101.001(3)(B) (West 2005).

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). If a court lacks subject-matter jurisdiction in a particular case, then it lacks authority to decide that case. *See M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001). Whether a court lacks subject-matter jurisdiction is a question of law that we review *de novo*. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The City has presented two issues in support of its contention that the district court lacks subject-matter jurisdiction. The first issue involves what the City has termed the "coextensive" protections of the United States and Texas Constitutions. This argument asserts that the district court lacks jurisdiction based on principles of standing, *res judicata*, and collateral estoppel. In its second issue, the City argues that the district court lacks jurisdiction because there is not any justiciable issue for the district court to resolve through a declaratory judgment. We will address each argument in turn.

**The "Coextensiveness" of the United States and Texas Constitutions**

The City argues that the United States and Texas Constitutions offer identical protection of free speech and assembly in most instances. It also notes that a jury has already found

3

that two individual city police officers did not violate the Coalition's federal first amendment rights. Therefore, the City asserts that, because of the coextensiveness of the protections in the state and federal constitutions, it could not have violated the Coalition's state constitutional rights. This argument is without merit.

Not only does this argument fail to recognize that this case involves a different party and a different claim, it also confuses the consequences of having "coextensive" federal and state constitutional provisions. As discussed in our prior opinion, the Texas Supreme Court has suggested that the Texas free speech provision may be broader in some areas than the equivalent federal constitutional provision. *Democracy Coalition v. City of Austin*, 141 S.W.3d 282, 297 (Tex. App.—Austin 2004, no pet.) (citing *Ex parte Tucci*, 859 S.W.2d 1, 5 (Tex. 1993)). More recent cases suggest, however, that federal and state free speech protections should be considered identical unless a party, using the text, history, and purpose of article I, section 8, can demonstrate why the state constitution provides greater protection. *See id.* (citing *Texas Dep't of Transp. v. Barber*, 111 S.W.3d 86, 106 (Tex. 2003); *Operation Rescue-Nat'l v. Planned Parenthood of Houston & Southeast Tex., Inc.*, 975 S.W.2d 546, 559 (Tex. 1998)). We noted that the Coalition had not demonstrated a distinction. *Id.*

Thus, to the extent that the federal and state free speech and assembly provisions are identical, we may utilize analytical frameworks originating from both federal and Texas cases to address claims arising under the free speech provisions of the Texas Constitution. Indeed, our earlier opinion examined United States and Texas Supreme Court cases to discuss content-neutral and

4

viewpoint-neutral restrictions on free expression. *See id.* at 298. We previously stated that the record did not show whether the City's actions were content-neutral or content-based. *Id.* at 299. The outcome these analytical frameworks generate will depend upon the facts at issue in each individual case.

The City argues to the contrary. Based on the jury's determination that two police officers were not liable on the Coalition's federal free speech claim, the City asserts that the Coalition is collaterally estopped from bringing this claim against the City, that the Coalition lacks standing to sue the City, and that the Coalition's free speech claim based on the Texas Constitution is barred by principles of *res judicata*. We reject the City's arguments. Although the jury may have utilized a similar free speech analysis in the earlier case involving federal free speech claims, their verdict as to these police officers has no *res judicata* effect on the case at bar, does not collaterally estop the Coalition from bringing their state constitutional free speech claim against the City, or deny them standing to sue. The Coalition's current claim involves the City of Austin, not these individual police officers. As might be expected, this claim has some distinct factual issues that were not resolved in the earlier trial, despite the "coextensive" protections of the federal and state constitutions. In other words, merely applying the same analytical framework in this trial as that used in the earlier trial does not guarantee an identical outcome in a case involving previously unresolved factual issues and a different defendant.

Because the prior verdict on the Coalition's federal free speech claims against two officers does not deprive the district court of jurisdiction over the Coalition's state constitutional

claims against the City, the court properly denied the City's plea to the jurisdiction. We therefore overrule the City's first issue.

**Existence of a Justiciable Issue to be Resolved by Declaratory Relief**

The City's second issue is that the Coalition lacks a justiciable issue that will be resolved through a declaratory judgment. Our previous opinion suggests otherwise.

In our previous opinion we explained that declaratory judgments are used to declare the rights and duties or status of parties in a justiciable controversy. *Id.* at 297 (citing *Frasier v. Yanes*, 9 S.W.3d 422, 427 (Tex. App.—Austin 1999, no pet.)); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997) (Uniform Declaratory Judgments Act). Here, a justiciable controversy exists. As we stated, "[t]he justiciable controversy appell[ees] present is whether the City violated their rights under the state constitution." *Democracy Coalition*, 141 S.W.3d at 297. Our opinion specifically referenced evidence in the record that some supporters of the President were allowed to reach the free speech area while the protestors' access was blocked, and that a protestor was allegedly asked to roll up a sign protesting the President. *Id*. at 298. Although we declared that the City's policies were not facially violative of the Coalition's free speech and assembly protections, we held that a fact question remained regarding the constitutionality of the City's policies *as applied* to the Coalition. *See id.* at 298-300. This question has yet to be answered.

Moreover, this justiciable issue could be appropriately resolved through a declaratory judgment. Declaratory judgments can be used to clarify constitutional imperatives. *See id.* at 296 (citing *Frasier*, 9 S.W.3d at 427; *Hays County v. Hays County Water Planning P'ship*, 106 S.W.3d 349, 359 (Tex. App.—Austin 2003, no pet.) (party may bring declaratory judgment action to

6

determine whether commissioners court has acted outside of its constitutional and statutory authority)). Although the Uniform Declaratory Judgments Act does not confer jurisdiction, a court will have jurisdiction to grant declaratory relief so long as the claimant already has an independent cause of action under a constitutional or statutory provision, or at common law. *See Frasier*, 9 S.W.3d at 427. And at least one court has held that article I, section 8 of the Texas Constitution constitutes an independent cause of action for infringement of the right of free speech. *Jones v. Memorial Hosp. Sys.*, 746 S.W.2d 891, 893-94 (Tex. App.—Houston [1st Dist.] 1988, no writ); *see also* Tex. Const. art. I, § 8.

Finally, since our earlier opinion, the City has produced only a minimal amount of additional evidence, none of which addresses the concerns expressed in that opinion. It is true that in deciding a plea to the jurisdiction, the court may, to a limited extent, consider evidence to determine whether subject-matter jurisdiction exists. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 554. But none of the evidence introduced by the City in the interim, including statutory provisions concerning the Secret Service as well as manuals and memos pertaining to that agency's policies on "investigation" of planned public demonstrations and the City's "general orders, policies, and procedures" for the mounted patrol, is dispositive of this issue. The City failed to apply this evidence to the facts of the case or to address the police officers' testimony that the City's official policies governed the mounted patrol's actions on the day of the demonstration. *See Democracy Coalition*, 141 S.W.3d at 290. Thus, there remains a question of fact as to whether the policies of the City of Austin, as applied to the Coalition, violated the Coalition members' rights under the Texas Constitution, thereby entitling them to declaratory relief.

7

Because the Coalition members have a justiciable issue—whether the City violated their state constitutional rights—that can be resolved through declaratory relief, we overrule the City's second issue.

## CONCLUSION

The City of Austin has not established that the district court lacks subject-matter jurisdiction to hear this case. Therefore, we affirm the district court's denial of the City's plea to the jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: November 2, 2005