TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00284-CV






City of Austin, Appellant


v.


Democracy Coalition, Stefan Wray, Pam Thompson, Timothy R. Mesch, Risako Kurono,
Matthew Korn, Kristan Barber, Chandra Ward, Kristin Richardson, 

Lucinda Beringer, Sonia Santana, Douglas Foxvog, 

Ann Stark, and Susana Almanza, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN101586, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 In this case, the City of Austin appeals the district court's denial of its plea to the
jurisdiction. Because the City has failed to establish that the district court lacked subject-matter
jurisdiction, we affirm the judgment of the district court. 


FACTUAL AND PROCEDURAL BACKGROUND (1)

 In late April 2001, appellees, individual members of Democracy Coalition, engaged
in a protest of newly-elected President Bush while the President was visiting various sites in Austin.
The Coalition, whose protest followed the President from The Bob Bullock Texas State History
Museum to the Governor's Mansion, maintained that the City violated their state and federal
constitutional rights to free speech and assembly. In particular, the Coalition claimed that, during
their protest outside the Governor's Mansion, the City, through its police department's mounted
patrol (2) and official policies as executed, prevented them from gathering in their traditional protest
location adjacent to the mansion, charged horses at their members, and allowed supporters of the
President access to areas denied to members of the Coalition. 

 At trial, after the close of the Coalition's evidence, the district court entered an
instructed verdict against the Coalition on all federal and state claims brought against the City. The
Coalition appealed that judgment to this Court, and we reversed and remanded only the portion of
the district court's judgment pertaining to the state constitutional claim. Specifically, we held that
the question of whether the City's policies, as applied to the Coalition, violated the Texas
Constitution could not be determined as a matter of law based on the record before us. 

 After remand of this state constitutional issue, the City challenged the district court's
ability to hear the case by filing a plea to the jurisdiction. After a hearing, the district court denied 
the plea to the jurisdiction. The City then brought this interlocutory appeal.




ANALYSIS


 We have jurisdiction to hear an interlocutory appeal from a district court's order
granting or denying a plea to the jurisdiction by a governmental unit. See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8) (West Supp. 2004-05). The City of Austin is such a governmental unit. 
See id. § 101.001(3)(B) (West 2005). 

 A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of
subject-matter jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). If a
court lacks subject-matter jurisdiction in a particular case, then it lacks authority to decide that case.
See M.D. Anderson Cancer Ctr. v. Novak, 52 S.W.3d 704, 708 (Tex. 2001). Whether a court lacks
subject-matter jurisdiction is a question of law that we review de novo. Texas Dep't of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).

 The City has presented two issues in support of its contention that the district court
lacks subject-matter jurisdiction. The first issue involves what the City has termed the "coextensive"
protections of the United States and Texas Constitutions. This argument asserts that the district
court lacks jurisdiction based on principles of standing, res judicata, and collateral estoppel. In its
second issue, the City argues that the district court lacks jurisdiction because there is not any
justiciable issue for the district court to resolve through a declaratory judgment. We will address
each argument in turn.



The "Coextensiveness" of the United States and Texas Constitutions


 The City argues that the United States and Texas Constitutions offer identical
protection of free speech and assembly in most instances. It also notes that a jury has already found
that two individual city police officers did not violate the Coalition's federal first amendment rights.
Therefore, the City asserts that, because of the coextensiveness of the protections in the state and
federal constitutions, it could not have violated the Coalition's state constitutional rights. This
argument is without merit.

 Not only does this argument fail to recognize that this case involves a different party
and a different claim, it also confuses the consequences of having "coextensive" federal and state
constitutional provisions. As discussed in our prior opinion, the Texas Supreme Court has suggested
that the Texas free speech provision may be broader in some areas than the equivalent federal
constitutional provision. Democracy Coalition v. City of Austin, 141 S.W.3d 282, 297 (Tex.
App.--Austin 2004, no pet.) (citing Ex parte Tucci, 859 S.W.2d 1, 5 (Tex. 1993)). More recent
cases suggest, however, that federal and state free speech protections should be considered identical
unless a party, using the text, history, and purpose of article I, section 8, can demonstrate why the
state constitution provides greater protection. See id. (citing Texas Dep't of Transp. v. Barber, 111
S.W.3d 86, 106 (Tex. 2003); Operation Rescue-Nat'l v. Planned Parenthood of Houston &
Southeast Tex., Inc., 975 S.W.2d 546, 559 (Tex. 1998)). We noted that the Coalition had not
demonstrated a distinction. Id. 

 Thus, to the extent that the federal and state free speech and assembly provisions are
identical, we may utilize analytical frameworks originating from both federal and Texas cases to
address claims arising under the free speech provisions of the Texas Constitution. Indeed, our earlier
opinion examined United States and Texas Supreme Court cases to discuss content-neutral and
viewpoint-neutral restrictions on free expression. See id. at 298. We previously stated that the
record did not show whether the City's actions were content-neutral or content-based. Id. at 299. 
The outcome these analytical frameworks generate will depend upon the facts at issue in each
individual case.

 The City argues to the contrary. Based on the jury's determination that two police
officers were not liable on the Coalition's federal free speech claim, the City asserts that the
Coalition is collaterally estopped from bringing this claim against the City, that the Coalition lacks
standing to sue the City, and that the Coalition's free speech claim based on the Texas Constitution
is barred by principles of res judicata. We reject the City's arguments. Although the jury may have
utilized a similar free speech analysis in the earlier case involving federal free speech claims, their
verdict as to these police officers has no res judicata effect on the case at bar, does not collaterally
estop the Coalition from bringing their state constitutional free speech claim against the City, or deny
them standing to sue. The Coalition's current claim involves the City of Austin, not these individual
police officers. As might be expected, this claim has some distinct factual issues that were not
resolved in the earlier trial, despite the "coextensive" protections of the federal and state
constitutions. In other words, merely applying the same analytical framework in this trial as that
used in the earlier trial does not guarantee an identical outcome in a case involving previously
unresolved factual issues and a different defendant.

 Because the prior verdict on the Coalition's federal free speech claims against two
officers does not deprive the district court of jurisdiction over the Coalition's state constitutional
claims against the City, the court properly denied the City's plea to the jurisdiction. We therefore
overrule the City's first issue. 



Existence of a Justiciable Issue to be Resolved by Declaratory Relief


 The City's second issue is that the Coalition lacks a justiciable issue that will be
resolved through a declaratory judgment. Our previous opinion suggests otherwise.

 In our previous opinion we explained that declaratory judgments are used to declare
the rights and duties or status of parties in a justiciable controversy. Id. at 297 (citing Frasier v.
Yanes, 9 S.W.3d 422, 427 (Tex. App.--Austin 1999, no pet.)); see also Tex. Civ. Prac. & Rem.
Code Ann. §§ 37.001-.011 (West 1997) (Uniform Declaratory Judgments Act). Here, a justiciable
controversy exists. As we stated, "[t]he justiciable controversy appell[ees] present is whether the
City violated their rights under the state constitution." Democracy Coalition, 141 S.W.3d at 297. 
Our opinion specifically referenced evidence in the record that some supporters of the President were
allowed to reach the free speech area while the protestors' access was blocked, and that a protestor
was allegedly asked to roll up a sign protesting the President. Id. at 298. Although we declared that
the City's policies were not facially violative of the Coalition's free speech and assembly protections,
we held that a fact question remained regarding the constitutionality of the City's policies as applied
to the Coalition. See id. at 298-300. This question has yet to be answered.

 Moreover, this justiciable issue could be appropriately resolved through a declaratory
judgment. Declaratory judgments can be used to clarify constitutional imperatives. See id. at 296
(citing Frasier, 9 S.W.3d at 427; Hays County v. Hays County Water Planning P'ship, 106 S.W.3d
349, 359 (Tex. App.--Austin 2003, no pet.) (party may bring declaratory judgment action to
determine whether commissioners court has acted outside of its constitutional and statutory
authority)). Although the Uniform Declaratory Judgments Act does not confer jurisdiction, a court
will have jurisdiction to grant declaratory relief so long as the claimant already has an independent
cause of action under a constitutional or statutory provision, or at common law. See Frasier, 9
S.W.3d at 427. And at least one court has held that article I, section 8 of the Texas Constitution
constitutes an independent cause of action for infringement of the right of free speech. Jones v.
Memorial Hosp. Sys., 746 S.W.2d 891, 893-94 (Tex. App.--Houston [1st Dist.] 1988, no writ); see
also Tex. Const. art. I, § 8. 

 Finally, since our earlier opinion, the City has produced only a minimal amount of
additional evidence, none of which addresses the concerns expressed in that opinion. It is true that
in deciding a plea to the jurisdiction, the court may, to a limited extent, consider evidence to
determine whether subject-matter jurisdiction exists. See Bland Indep. Sch. Dist., 34 S.W.3d at 554. 
But none of the evidence introduced by the City in the interim, including statutory provisions
concerning the Secret Service as well as manuals and memos pertaining to that agency's policies on
"investigation" of planned public demonstrations and the City's "general orders, policies, and
procedures" for the mounted patrol, is dispositive of this issue. The City failed to apply this
evidence to the facts of the case or to address the police officers' testimony that the City's official
policies governed the mounted patrol's actions on the day of the demonstration. See Democracy
Coalition, 141 S.W.3d at 290. Thus, there remains a question of fact as to whether the policies of
the City of Austin, as applied to the Coalition, violated the Coalition members' rights under the
Texas Constitution, thereby entitling them to declaratory relief. 

 Because the Coalition members have a justiciable issue--whether the City violated
their state constitutional rights--that can be resolved through declaratory relief, we overrule the
City's second issue. 



CONCLUSION


 The City of Austin has not established that the district court lacks subject-matter
jurisdiction to hear this case. Therefore, we affirm the district court's denial of the City's plea to the
jurisdiction. 



 

 Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: November 2, 2005
1. A fuller discussion of the factual and procedural background of this case is found in this
Court's earlier opinion. See Democracy Coalition v. City of Austin, 141 S.W.3d 282 (Tex.
App.--Austin 2004, no pet.).
2. Although only two officers were named in the Coalition's suit, there were other members
of the mounted patrol who were on the scene at the time of the Coalition's demonstration and
applied the City's official policies. See Democracy Coalition v. City of Austin, 141 S.W.3d 282, 290
(Tex. App.--Austin 2004, no pet.).