**CITY OF WICHITA FALLS et al.,**
**Appellants,**

v.

**Virgil D. EVANS et al., d/b/a Save-Way Cut Rate Package Store No. I, Appellees.**

**No. 16777.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 9, 1966.

Rehearing Denied Jan. 13, 1967.

**312**

H. P. Hodge, Jr., City Atty., and Malcolm L. Hughes, Asst. City Atty., Wichita Falls, for appellants.

Spence, Martin & Richie, and Gene Richie, Wichita Falls, for appellees.

OPINION

MASSEY, Chief Justice.

■ This case involves a declaratory judgment sought by owners and operators of certain property within the City of Wichita Falls to determine whether a certain ordinance of the city prohibited the use of a newly erected building as a liquor store. It was the contention of the city that such use was prohibited, while the owners/operators thereof believed the use was authorized under the ordinance. This was an actual, real, bona fide, and justiciable controversy as to which a suit for declaratory relief was authorized. Vernon's Ann.Tex.Civ.St. Art. 2524-1, "Uniform Declaratory Judgments Act." 19 Tex. Jur.2d 140 et seq., the Chapter on Declaratory Relief.

■ The city's first four points of error attack the trial court's jurisdiction and authority to usurp what is contended to constitute the city's police power. The injunction which was issued by the trial court pending final hearing and determination was not one which enjoined the city from instituting criminal proceedings. The trial court did have jurisdiction. The points of error are overruled.

The ordinance in question was Wichita City Ordinance No. 1416. The original ordinance prohibited the sale of spirituous, vinous or malt liquors within the city's limits, except for areas prescribed. The premises of those who desired to (continue to) operate a liquor store was not within the excepted area. However, for more than twelve months before the city had incorporated the subject premises within the limits of the city such lay without its boundaries. Therefore it is not a question but that the liquor business had been lawfully conducted thereon under an amendment to the aforesaid ordinance prior to the use of the new building.

The amendment provided: "In recognition of the principle of non-conforming use, when an area is annexed to the City limits of the City of Wichita Falls, Texas, that contains businesses which have been operating in said area for a period of no less than 12 months under a Package Store Permit, a Retail Dealer's On-Premises License or a Retail Dealer's Off-Premises License as defined by the Texas Liquor Control Act, those businesses which have existed for such period of time *shall be allowed to continue in the same location * * *.*" Emphasis supplied. Nowhere in the ordinance is mention made of structures on any premises or at any location. The city is in our opinion attempting to assert rights which it might have had were there provisions in the ordinance relative to structures; but there were no such provisions.

The land on which the liquor store was and had always been situated was a tract, approximately 60 x 150 feet, at an intersection. The evidence established that the whole tract was considered by the Texas Liquor Control Board as the "premises" to which its licenses had application. The building from which the business had been transacted was originally a small structure so located on the tract that there was room to construct a new building thereon without removing the old. Such a new building was there erected,

with the stock of goods removed from the old into the new structure and a continuance of the business conducted therefrom with no period of discontinuance. Then the old building was removed. The new modern and enlarged structure was only about one foot from the site of the old, but on a new foundation.

Trial was before the court, without intervention of a jury, and decision was that the conduct of the liquor business from the new building was within the protection of that part of the ordinance above quoted. A Declaratory Judgment to such effect was rendered by the trial court. In the judgment it was held that the new building and premises from which the business was operated was in the "same location," within the meaning of that portion of the ordinance from which we have copied.

The trial court had no need to look beyond the express provisions of the ordinance. The only necessity was to find whether the business was being conducted from the "same location." The meaning and application of the term "same location" is proper to be construed in the light of the pertinent subject matter and the context in which it is used. 53 Tex.Jur.2d 214 "Statutes," § 147 "Determination of meaning (of words and phrases)"; City of Wink v. Wink Gas Co., 115 S.W.2d 973, 978 (El Paso Civ.App., 1938, error refused). Decision involved a mixed question of law and fact under circumstances of the case. Here the trial judge discharged the combined function of trier of both fact and law. He found the important factual elements against the City of Wichita Falls, and based thereon applied that strict construction of the ordinance required by law. He did not err.

The point of error complaining of the court's construction of the term "same location" is overruled.

There was a point of error complaining that the proper question determinative of the case was whether there had been

an enlargement of a non-conforming use, rather than the mere question of whether such was at the "same location." It is to be remembered that the amendment granted existing users exemption from the provisions of the orginal ordinance. Grants thereof are to be liberally construed. See 25 Tex.Jur.2d 7 "Exemptions," § 5, "Construction of statutes." From the evidence in the case an enlargement of the premises or use of the premises is not involved. The only enlargement would lie in the amount of business transacted from the 60 x 150 feet premises. Such is not a proper subject of zoning ordinances and Ordinance No. 1416 did not attempt to exercise any control over it. The point is overruled.

Judgment is affirmed.