**CITY OF SCHERTZ and Jimmy G. Gilmore, Individually**

v.

**Leon PARKER and Frank Glass, d/b/a Pecan Grove Mobile Home Park.**

**No. 04–87–00231–CV.**

Court of Appeals of Texas, San Antonio.

June 15, 1988.

Rehearing Denied July 18, 1988.

Douglas M. Becker, Gray & Becker, Austin, for appellants.

Barry A. McClenahan, Murray & McClenahan, San Antonio, for appellees.

## OPINION

BUTTS, Justice.

Parker and Glass sued for declaratory judgment and injunctive relief, damages and attorney fees, claiming they were refused permits for mobile homes or recreational vehicles on their property, the Pecan Grove Mobile Home Park, despite payment of proper fees. Defendants, City of Schertz and Jimmy G. Gilmore, countered that Parker and Glass were estopped by the fact that they had sought permits in order to improperly vary the City's zoning laws. They refused to issue the permits until the park designated specific spaces on which it would place recreational vehicles. They based denial on a section of the City's mobile home ordinance. The trial court entered a declaratory judgment and permanent injunction against defendants and awarded $16,025.00 in attorney fees to Parker and Glass. Defendants moved for a new trial and raised for the first time the defense of governmental immunity. The motion was denied.

Defendants raise four points of error: first, that the trial court erred in entering declaratory judgment construing the municipal ordinance. Second, that the award of attorney fees against a city and its city manager exercising their governmental or quasi-judicial functions was error. Third, alternatively, that the award of attorney fees was an abuse of discretion. Fourth, alternatively, that the award of attorney fees was excessive, amounting to an abuse of discretion.

Trial was to the court, and plaintiffs argued that Ordinance No. 81–S–2 contained no provision which prohibited location of recreational vehicles in a mobile home park. The construction of the ordinance presented a question of law.

■ The defendants based their argument on the provision in the ordinance dealing with both travel trailers or recreational vehicles and mobile homes. CITY OF SCHERTZ, TEX., ORDINANCE No. 81–S–2, § X(A). It provides that the required minimum size of three acres for a travel trailer or recreational vehicle park may be waived when the park is operated in conjunction with, and is contiguous to, a mobile home park. The defendants argued that "contiguousness" does not allow for overlap. The interpretation must be, they asserted, that the two kinds of park may be jointly operated but that the divisions of the park must remain discrete, with specifically designated areas for recreational vehicles and for mobile homes.

This was an actual, *bona fide*, and justiciable controversy. A suit for declaratory judgment was therefore authorized. TEX. CIV.PRAC. & REM.CODE ANN. § 37.001 *et seq.* (Vernon 1986); *City of Wichita Falls v. Evans*, 410 S.W.2d 311, 312 (Tex. Civ.App.—Fort Worth 1966, no writ).

We agree the question is whether the mobile home ordinance prohibits recreational vehicles from being located in a mobile home park. The ordinance does not, on its face, contain such a prohibition. However, the ordinance does contain other specific prohibitions:

A. No permit shall be issued for the construction or occupancy of a permanent residential structure in any mobile home park with the following exceptions;

1. One existing residential structure may be retained or one new residential structure may be constructed for the occupancy of the owner or operator of the park.

2. An existing residence may be converted to a clubhouse, community center or service building for use by the residents of the mobile home park. CITY OF SCHERTZ, TEX., ORDINANCE No. 81–S–2, § II(a). The city council could have restricted the location of travel trailers or recreational vehicles. However we find no prohibition in the ordinance.

Defendants' witnesses were unable to find a specific prohibition against locating travel trailers/recreational vehicles in a mobile home park. The City Manager, Gilmore, testified:

Q: Does [the ordinance] refer to a mobile home park locating RVs within a mobile home park?

A: It refers to the zoning, proper zoning which is mobile home district.

Q: Yes, sir. Does that section which you refer to make any references to the location of recreational vehicles within a mobile home park?

A: No. No.

Q: Allright. Is there anywhere in that mobile home ordinance a prohibition against locating a recreational vehicle within a mobile home park?

A: Specifically, no.

    \*    \*    \*    \*    \*    \*

Q: Can you show this court any city ordinance which specifically prohibits the location of a recreational vehicle within a mobile home park?

A: Not specifically.

Robert E. Andrews, vice chairman of the Schertz Planning & Zoning Commission, also testified:

Q: ...
Assuming that you meet all of the requirements of the zoning ordinance for a mobile home district and have established a mobile home park within that district meeting all of the requirements, is there any prohibition in this ordinance or any of the City's zoning ordinances against placing an RV within that mobile home park, sir?

A: Not that I know of.

Additionally, in a letter to the City Manager's Office the general manager of Cibolo Creek Municipal Authority stated: "We don't like the idea of his mixing RV/campers in with mobile homes in a designated mobile home area, but we can't find anything in your mobile home ordinance which precludes it."

We find there is competent evidence in the record supporting the declaratory judgment in this case. The first point of error is overruled.

◼ In the second point defendants complain that the trial court erred in awarding attorney fees against the City and its manager exercising their governmental or quasi-judicial functions. The Declaratory Judgment Act provides "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney fees as are equitable and just." TEX. CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). In this case, the court heard uncontroverted testimony from plaintiffs' attorney as to reasonable and necessary attorney fees prior to making the award. The trial court's judgment will not be reversed on appeal absent a clear showing of abuse of discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455–56 (Tex.1985).

Defendants argue that since the City was engaged in a governmental function, establishing or enforcing a municipal ordinance, the City and the city manager, Gilmore, are shielded by governmental immunity.

Testimony reveals that as a part of the procedure for issuing permits the City collected hook-up charges for utilities, specifically $695.00 for mobile homes and $420.00 for travel trailers/RVs. These were utility hook-ups and if they relate to the sanitary sewer utility which the City of Schertz was obligated to furnish they arguably would fall into the governmental function of that municipality. *City of Houston v. Bush*, 566 S.W.2d 33, 34–35 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). Gilmore's testimony, however, suggests that the hook-up fees collected by the City are not solely for the sanitary sewer system.

Q: As they relate to mobile homes and recreational vehicles, would you tell the court what those fees are?

A: I don't have the—I don't recall the exact number. Mobile homes are six hundred and some odd dollars.

Travel trailers are four hundred and some odd.

This is—excuse me. This is not [Cibolo Creek Municipal Authority] fees by itself. It's combined fees for the various, for the two different categories.

Q: All right. And who is charged with the responsibility for collecting those fees?

A: The City of Schertz.

It is not clear what services are included in the fees collected by the City. But it is clear that another municipality (Cibolo Creek) owns and maintains the sewer system, while the City of Schertz collects the hook-up fees. It is written in *City of Houston v. Shilling*, 150 Tex. 387, 240 S.W.2d 1010, 1011–12 (1951):

> The rule is recognized that a municipality is exempt from liability when it performs a duty imposed upon it as the arm or agent of the state in the exercise of a strictly governmental function solely for the public benefit. That the exemption of a governmental agency from liability pertains only to those acts or functions which are performed as the agent of the state in furtherance of general law for the interest of the public at large, as distinguished from those functions intended primarily for the benefit of those within the corporate limits of a municipality.

[quoting *City of Amarillo v. Ware*, 120 Tex. 456, 40 S.W.2d 57, 60 (1931).]

\* \* \*

> Those functions of a municipal corporation in its capacity as an agent of the state are strictly limited by the statutory provisions granting them. In the exercise of these functions the municipality is an arm of the sovereignty and its powers are strictly construed.

[citing *City of Fort Worth v. George*, 108 S.W.2d 929, 934 (Tex.Civ.App.—Fort Worth 1937, writ ref'd) which quoted *City of Uvalde v. Uvalde Electric & Ice Co.*, 250 S.W. 140, 141 (Tex.Comm'n App.1923, judgm't adopted).]

■ Liability will not be imposed upon a municipality if the event sued upon occurs when the municipality is engaged in performance of those duties which are imposed on all municipalities, without corporate consent, and exclusively for public purposes. *See, Gates v. City of Dallas*, 704 S.W.2d 737, 739 (Tex.1987). This would not be true when the municipality imposes upon itself a special duty or authority, as in the present case.

■ Where a municipality acts in its private or corporate capacity, and not in connection with duties imposed upon it under powers conferred to it as a legal agency of the state, or as the representative of its sovereignty, its acts are proprietary, or corporate, and it is liable for torts committed by its officers or agents in performing them. *City of Fort Worth v. Wiggins*, 5 S.W.2d 761 (Tex.Comm'n App.1928, judgm't adopted).

■ Unlike governmental functions, for which municipal corporations have traditionally been afforded some degree of governmental immunity, proprietary functions have subjected municipal corporations to the same duties and liabilities as those incurred by private persons and corporations. *Gates v. City of Dallas*, *supra* at 739. Proprietary functions are those functions performed by a city for the benefit of those within the corporate limits of the municipality. *Id.*

We hold that the regulation and administration of the mobile home park by the City and Gilmore as authorized by the city ordinance was a proprietary function. Therefore, the defendants were not clothed with governmental immunity in the performance of those functions.

Inasmuch as private persons and corporations may be assessed attorney fees in declaratory judgment actions, so may the defendants in this case.

■ Moreover, there is no statement of facts of the motion for new trial in the

record before this Court, only the written motion and order overruling it. The burden is upon the municipality to show that the relevant function on which it bases its defense was exclusively a governmental function. The plea of "governmental immunity" is a defensive doctrine, placing on the city the burden of proving and submitting the defense. *City of Houston v. Bush*, 566 S.W.2d 33, 35 (Tex.App.—Beaumont 1978, writ ref'd n.r.e.). The burden was not sustained. The second point of error is overruled.

■ Defendants next complain that the trial court abused its discretion in awarding attorney fees, citing cases which place restrictions on the recovery of attorney's fees. *See, Knebel v. Capitol National Bank*, 518 S.W.2d 795 (Tex.1974); *First National Bank of Commerce v. Anderson Ford–Lincoln–Mercury, Inc.*, 704 S.W.2d 83 (Tex.App.—Dallas 1985, writ ref'd n.r. e.); *Diversified, Inc. v. Walker*, 702 S.W.2d 717 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). The Declaratory Judgment Act, discussed above, clearly authorizes the award of costs and reasonable and necessary attorney fees in *any* proceeding under the Act. TEX.CIV.PRAC. & REM. CODE ANN. § 37.009 (Vernon 1986).

After hearing the evidence the trial court acted within its discretion in awarding attorney's fees, and its judgment will not be reversed on appeal absent a clear showing of abuse. *Oake v. Collin County, supra* at 455–56.

In their fourth point defendants contend that the trial court awarded an excessive amount of attorney fees. The court awarded $16,025.00 in attorney fees based upon the testimony that attorneys had expended 128.2 hours at a rate of $125.00 per hour. Defendants cross-examined the witness; the evidence was uncontroverted that the fees charged were reasonable and necessary. A question was raised whether any of the deposition testimony obtained by plaintiffs' attorney might be used in a pending federal suit. The judge agreed to consider this possibility in his award.

■ While statutory attorney fees have been found excessive where the amount of the award was not in a reasonable proportion to the amount of money involved in the litigation, attorney fees are not wholly dependent on the amount of the recovery. *Failing v. Equity Management Corp.*, 674 S.W.2d 906, 910 (Tex.App.—Houston [1st Dist.] 1984, no writ). In this case, no damages were awarded. When reviewing the amount of attorney fees awarded, the appellate court has the authority to draw on the common knowledge of the justices of the court, and their experience as lawyers and judges, and to view the matter in the light of the testimony, record, and amount in controversy. *Id.*, at 907; *Brazos County Water Control v. Salvaggio*, 698 S.W.2d 173, 177 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■ We find no abuse of discretion in the award of attorney fees by the trial court, neither does the award appear excessive. The fourth point of error is overruled.

The judgment of the trial court is affirmed.