**CITY OF AUSTIN, Appellant,**

v.

**Steve PENDERGRASS, Individually and on Behalf of all other similarly situated police officers of the Austin Police Department, and Kathy Smith, Individually and on behalf of all other similarly situated civilian employees of the Austin Police Department, Appellees.**

**No. 03–99–00510–CV.**

Court of Appeals of Texas, Austin.

April 27, 2000.

Rehearing Overruled June 22, 2000.

Frederick A. Hawkins, Asst. City Atty., Austin, for Appellant.

Tom A. Stribling, Colbert, Freeman & Stribling, P.C., Austin, for Appellees.

Before Chief Justice ABOUSSIE, Justices KIDD and SMITH.

MACK KIDD, Justice.

The City of Austin appeals following a declaratory-judgment proceeding in which the trial court granted summary judgment in favor of the appellees, Austin Police Department officers and civilian employees who worked on Christmas Day 1993 and 1994. At issue is the interpretation of a portion of the City's Personnel Policies Manual that addressed pay for working on Christmas Day. The trial court interpreted the relevant portion of the manual to mean that the City must pay the appellees time-and-one-half plus their regular pay for working the two Christmas Days. On appeal, the City contends that (1) the manual was not a contract and therefore could not be the basis for a cause of action; (2) the appellees failed to exhaust their administrative remedies; and (3) regardless of these two issues, the trial court incorrectly interpreted the relevant provision of the manual. We will affirm the trial court's declaratory judgment.

## Background

For working Christmas Day 1993, a Saturday, and Christmas Day 1994, a Sunday, the City paid appellees time-and-one-half. The appellees contended that based on provisions in the City's Personnel Policies Manual they were entitled to be paid time-and-one-half *plus* their regular pay for working on these two Christmas Days. The appellees commenced this declaratory-judgment proceeding seeking an interpretation of the following section IV B.1.a.(1)(a) of the Personnel Policies Manual relating to holiday pay:

> Employees who are regularly scheduled to work on holidays (except Christmas Day) shall have holiday hours added to their personal leave or shall be paid regular rates for the time worked in addition to their holiday pay. Employees who work on Christmas Day will be paid time-and-one-half for hours worked in addition to holiday pay.

The appellees moved for summary judgment contending that as a matter of law this provision meant that they were entitled to *two*-and-one-half times their regular pay (time-and-one-half *plus* their regular pay) for working these two Christmas Days. In addition to a plain reading of the provision, the appellees contended that a memorandum distributed by the Chief of Police and an Austin Police Department General Order supported their position. On December 15, 1994, the Chief of Police distributed a memorandum within the Police Department addressing Christmas Day holiday pay. The memorandum stated that officers and employees who work Christmas Day *"will receive payment for time and one half in addition to normal pay for that day. (No exception vacation credit will be earned)."* (Emphasis added.) Additionally, the Austin Police Department General Order 701.05, effective February 23, 1994, addressed city observed holidays and contained the following section:

A. Accruement

1. Eight (8) hours of Exception Vacation Leave is automatically credited to sworn employees for each official holiday.

. . . .

3. Exception: All employees who work on Christmas Day will receive payment for time and one-half (1–1/2) hours in addition to their normal pay for that day.

When the appellees received their paychecks and noticed that they received only time-and-one-half for Christmas Day they asked the City's personnel services department why they had not also received their regular pay for working on Christmas Day. The City's personnel services department explained to them that Christmas Day as referred to in the manual was not December 25 but was the City's officially observed Christmas Day holiday. The personnel department explained that because Christmas Day 1993 fell on a Saturday, the City officially observed the holiday on Friday and because Christmas Day 1994 fell on a Sunday, the City officially observed the holiday on Monday. As a result, the personnel services department told the officers and employees that the holiday pay, which it interpreted to mean time credited to exception vacation leave, would be paid for the officially observed day, not the actual Christmas Day. The City explained that the officers and employees would receive eight hours of exception vacation credit on the officially observed holiday and not any additional monetary compensation for working Christmas Day.

The appellees noted that the City's charter Article IX, section 3 titled Personnel Policies provides that

> The administration of the classified services of the city shall be governed by written rules and regulations to be known as "Personnel Policies." . . . [T]he personnel policies shall be presented to the [city] council for adoption. . . . All policies adopted shall have the force and effect of law.

Thus, pursuant to the City's charter, the appellees argued, all City personnel policies must be approved by the city council in the form of a city ordinance. The appellees contended that because only the city council could change or modify personnel policies by ordinance, the personnel policies could give rise to a declaratory-judgment cause of action.

The City responded to the appellees' motion for summary judgment and also filed its own motion for summary judgment. The City contended that this Court concluded in *Byars v. City of Austin,* 910 S.W.2d 520 (Tex.App.—Austin 1995, writ denied), that the manual did not create a contract and therefore could not give rise to a cause of action. The City also contended that the appellees failed to exhaust their administrative remedies before filing the lawsuit. Finally, while the City did not contest that the appellees were entitled to time-and-one-half for working on December 25, 1993 and 1994, it did contend that the proper interpretation of the relevant policy was that the appellees would receive eight hours of exception vacation leave for working on the observed Christmas Days, Friday, December 24, 1993 and Monday, December 26, 1994.

The parties stipulated that the City's personnel policies at issue were adopted September 12, 1994, by City Ordinance No. 940912–E.

In its summary-judgment order, the trial court determined that it had jurisdiction to grant relief pursuant to the Declaratory Judgment Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1997). The trial court declared that based on the City's charter, the Personnel Policies Manual had the force and effect of law. Ultimately, the trial court declared that the City's failure to pay the appellees time-and-one-half plus regular pay for working on December 25, 1993 and 1994 violated the City's personnel policy and the officers and employees who worked on those days were entitled to receive their regular pay in addition to the time-and-one-half pay.

## Discussion

First, we address the City's complaint that the appellees did not have a viable cause of action. The City, in concluding that the appellees were without standing to bring the underlying declaratory-judgment action based on this Court's *Byars* opinion, has read *Byars* too broadly. *See Byars,* 910 S.W.2d at 520. *Byars* involved a breach of contract claim whereas this case involves a declaratory-judgment action. The issue in *Byars* was whether the same personnel manual at issue here expressly altered the at-will-employment status of a City employee. *See id.* In *Byars,* this Court held that the manual did not alter the at-will-employment status of the plaintiff and the employee did not have a protected property interest in employment that would entitle her to more procedural protection than she received. *See id.* at 524. The *Byars* decision held that the manual did not create an *employment* contract or limit the City's power to terminate an employee in any way. *See id.*

■ Parties may have any question regarding construction of a city ordinance determined by a declaratory-judgment action. *See City of Schertz v. Parker,* 754 S.W.2d 336, 338 (Tex.App.—San Antonio 1988, no writ); Tex. Civ. Prac. & Rem. Code Ann. § 37.004. The parties presented conflicting interpretations of a portion of the personnel policies adopted in City Ordinance No. 940912–E. An actual, bona fide and justiciable controversy existed and a suit for declaratory judgment was therefore authorized. *See City of Wichita Falls v. Evans,* 410 S.W.2d 311, 312 (Tex. Civ.App.—Fort Worth 1966, no writ). Concluding that the appellees had a viable declaratory-judgment action, we overrule the City's first issue.

■ Second, we address the City's complaint that the appellees failed to exhaust their administrative remedies. The issue before the trial court was a pure question of law. The doctrine of exhaus-

tion of administrative remedies does not apply when the issue is purely a question of law. *See Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 892 (Tex.1986); *Frasier v. Yanes*, 9 S.W.3d 422, 427 (Tex. App.—Austin 1999, no pet.). In this case the facts are undisputed and the question before the trial court, whether the appellees were entitled to regular pay in addition to time-and-one-half for working on Christmas Day in 1993 and 1994, was a pure question of law. Concluding that the officers and employees did not need to exhaust their administrative remedies before raising the question of law, we overrule the City's second issue.

Finally, we address the City's complaint that the trial court incorrectly construed the personnel policy regarding Christmas Day pay.

The City admits that in 1991 and 1992, officers and employees who worked on Christmas Day received two-and-one-half times their regular pay. During 1991 and 1992, the officers' and employees' vacation accounts were not credited and they were paid outright time-and-one-half plus their regular pay for working on Christmas Day. In a memorandum from the City's human resources director to the assistant police chief in January 1995, the director explained,

in 1991 and 1992, adjustments were made to the officers' pay for the Christmas Holiday (through reporting a "TA" transaction on their time records)—the employees' exception vacation balances were reduced by 8 hours (already credited by the system) and the employees received holiday pay instead.

The City argues that the reason it paid the appellees differently in 1993 and 1994 from past practice was that in 1991 and 1992 Christmas Day fell on a regular work day unlike 1993 and 1994. The City contends that December 25, 1993 and 1994 were not official holidays therefore the pay would be different. We conclude that this is a distinction without a difference.

■ Based on a plain reading of the personnel policy at issue, Christmas Day is *excepted* from the other City holidays. Under the personnel policies, Christmas Day is treated differently than the other officially recognized holidays because as the director of personnel noted, "The City recognizes that December 25 is a special holiday for many employees and because of this [the City] provides employees required to work on December 25 with a higher rate of compensation for their hours worked (time and one-half their hourly rate)." We note that the director in his letter of explanation left off the rest of the sentence in the manual.

As noted by the Chief of Police in her December 1994 memorandum, if you work on

December 25, 1994, you will receive payment for time and a half in addition to normal pay for that day. (No exception vacation credit will be earned.) If you work on Monday December 26 (the official city holiday), you will receive 8 hours of exception vacation plus your regular hours worked.

The City did not pay the appellees in accordance with this memorandum. Additionally, the Austin Police Department General Order 701.05 provided an exception for Christmas Day stating that all employees who work on Christmas Day will receive payment for time-and-one-half *in addition to* their normal pay for that day. The City did not pay appellees in accordance with this order.

The City's theory requires looking at two days to establish pay for Christmas Day. While the City is willing to recognize the dates December 25, 1993 and 1994 as days for which it must pay time-and-one-half for hours actually worked, it then looks to what it argues is the officially recognized Christmas Day, December 24, 1993 or December 26, 1994 to determine whether to credit vacation accounts. Based on a plain reading of the personnel policy, which is supported by the Chief of Police's memorandum and the Police De-

partment's General Order, the Christmas Day holiday occurred on December 25, 1993 and 1994. The appellees were paid time-and-one-half for working December 25, 1993 and 1994, and we hold that the trial court did not err in construing the personnel policy to require that the appellees were also entitled to receive their holiday pay for actually working on Christmas Day. The City's third issue is overruled. We affirm the trial court's judgment.