Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-10-00763-CV

**THE CITY OF CHINA GROVE**,
Appellant

v.

Mac S. **MORRIS**, Jr.,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-02954
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Chief Justice
    Phylis J. Speedlin, Justice
    Rebecca Simmons, Justice

Delivered and Filed:  November 23, 2011

AFFIRMED

The City of China Grove ("the City") appeals the trial court's judgment awarding Mac S.

Morris, Jr. attorney's fees under the Uniform Declaratory Judgments Act.  We affirm the

judgment of the trial court.

### BACKGROUND

Morris resides at 4244 Edwards Drive in China Grove.  On February 9, 2009, the City

sent Morris a letter which notified him that "Edwards Dr. is a public street within the corporate

limits of the City" and requested that Morris remove the fencing he had recently installed on the East side of Edwards Drive to prevent public access to the street. The letter stated in relevant part:

> Official city records indicate that "Edwards Drive" out of the "Grover Edwards 118 ¼ acre tract" was a part of the original incorporation of the "Town of China Grove" along with several other streets.

> Minutes of the November 2, 1961 meeting naming the streets in China Grove also reflect the dedication of the street to the City of China Grove. Bexar County Tax Office reports that Edwards is a "Public Street Not Maintained by the County" and no tax monies have been collected accordingly.

A copy of the 1961 meeting minutes was enclosed with the letter sent to Morris.

In response to the letter, Morris filed his Original Petition for Declaratory Judgment, Temporary Injunction, and Permanent Injunction seeking a declaration that Edwards Drive was not a public roadway.[1] Morris specifically requested that the trial court "enter a Judgment construing the City's minutes and other documentary claims [as] not granting to the City of China Grove any valid claim to Edwards Drive as a public roadway." Morris also sought attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008). The City filed a general denial and asserted Morris had brought the action under the Declaratory Judgments Act as a pretext to recover attorney's fees. The City also sought its own attorney's fees and sanctions.

During the discovery process, Morris's attorney, James Johnson, provided the City with deeds and records showing that title to Edwards Drive was in Morris's name. The City subsequently stipulated that Edwards Drive was Morris's private property, and the parties proceeded to a bench trial solely on the issue of attorney's fees. At trial, the City again contested the propriety of the declaratory judgment suit. The City insisted that a different cause of action

---

[1] Morris also sued RST Construction, Inc., which owned land that abutted Edwards Drive. Morris sought a declaration that RST had no rights of access to or use of Edwards Drive. Morris subsequently non-suited RST.

would have been more appropriate, such as a trespass to try title; such a cause of action would not permit an award of attorney's fees. The trial court disagreed, and signed a final order in which it found that the action was properly brought under the Declaratory Judgments Act, and that Morris was entitled to recover attorney's fees from the City. The trial court ordered the City to pay Morris $13,440 as reasonable and necessary attorney's fees.

The City now appeals, arguing that the trial court erred in finding that the action was properly brought under the Declaratory Judgments Act and in awarding Morris attorney's fees because the facts underlying Morris's claim were outside the scope of the Declaratory Judgments Act.

### STANDARD OF REVIEW AND APPLICABLE LAW

We review declaratory judgments under the same standards as other judgments. TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (West 2008); *Lidawi v. Progressive Cnty. Mut. Ins. Co.*, 112 S.W.3d 725, 730 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We look to the procedure used to resolve the issue at trial to determine the standard of review on appeal. *Lidawi*, 112 S.W.3d at 730. When the trial court determines the declaratory judgment issue after a bench trial, we review its factual findings under a sufficiency of the evidence standard and review its conclusions of law de novo. *Van Dam v. Lewis*, 307 S.W.3d 336, 339 (Tex. App.—San Antonio 2009, no pet.); *Black v. City of Killeen*, 78 S.W.3d 686, 691 (Tex. App.—Austin 2002, pet. denied).

When the trial court does not enter findings of fact and conclusions of law, all facts necessary to support the judgment and supported by the evidence are implied. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). However, because the record before us includes a reporter's record, these implied findings are not conclusive and may be

challenged on sufficiency grounds. *Id.* To analyze the legal sufficiency of the evidence supporting a finding, we review the record in the light most favorable to the trial court's finding and indulge every reasonable inference that would support it. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). Additionally, we credit favorable evidence if a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* at 827.

> The Uniform Declaratory Judgments Act provides:
>
> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008). A declaratory judgment action is proper to interpret questions of document construction. *See City of Schertz v. Parker*, 754 S.W.2d 336, 338 (Tex. App.—San Antonio 1988, no writ) (dispute over construction of city ordinance was an actual, *bona fide*, and justiciable controversy authorized under the Declaratory Judgments Act); *City of Austin v. Pendergrass*, 18 S.W.3d 261, 264 (Tex. App.—Austin 2000, no pet.) (holding that question regarding construction of a city ordinance was properly determined under the Declaratory Judgments Act).

### DISCUSSION

Both parties disagree about the underlying basis of the lawsuit. The City maintains that the real controversy between the parties was title and ownership of Edwards Drive. The City relies on caselaw holding that suit under the Declaratory Judgments Act is generally not proper where title to real estate is in dispute. *See Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004) (dispute involving question of title to real property must be brought as trespass to try title action).

Thus, the City contends that a different action, such as a suit for trespass to try title, would have been the appropriate method to resolve Morris's claim. *See Hawk v. E.K. Arledge, Inc*., 107 S.W.3d 79, 84 (Tex. App.—Eastland 2003, pet. denied) ("Attorney's fees are not recoverable [under the Declaratory Judgments Act] when the real essence of the suit is one in trespass to try title."). Morris counters that title to Edwards Drive was never in dispute. He maintains that "[t]he only issue in dispute was whether the 1961 resolution/municipal ordinance gave the City of China Grove a public easement." Additionally, Morris contends that he could not have brought a trespass to try title action because the City neither possessed Edwards Drive nor claimed title to Edwards Drive as required under Rule 784 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 784. We agree that a declaratory judgment action was proper in this instance.

At trial, James Johnson, Morris's first attorney, testified on behalf of Morris. Johnson, a board certified real estate attorney, explained that he interpreted the February 2009 letter as an assertion by the City that it was attempting to prove that Edwards Drive was dedicated as a public roadway by virtue of the 1961 minutes stating a motion was passed by the city council to place street signs on certain streets. Johnson stated that Morris filed suit asking the trial court to construe the 1961 minutes, and to declare what legal rights, if any, the document gave the City. Morris, of course, disagreed that the 1961 minutes gave the City any rights to his private property. Thus, the trial court was presented with "an actual, *bona fide*, and justiciable controversy" as to the proper construction of the 1961 city council meeting minutes. *See City of Schertz*, 754 S.W.2d at 338. Accordingly, because the suit pertained to construction of a written document affecting Morris's property interests, suit was authorized under the Declaratory Judgments Act and the trial court did not err in awarding attorney's fees. *See* TEX. CIV. PRAC. &

REM. CODE ANN. § 37.004(a); *City of Schertz*, 754 S.W.2d at 338; *City of Austin*, 18 S.W.3d at 264.

Further, we agree that the City never claimed title to the property at issue. The February 2009 letter referenced "dedication of the street to the City of China Grove," but did not otherwise imply that the City owned Edwards Drive. Additionally, never during the course of litigation did the City claim ownership of the property. In fact, prior to trial, the City stipulated that Edwards Drive was Morris's private property. At oral argument before this court, the City stressed that the February 2009 letter's reference to the fact that "no tax monies have been collected" on the property placed the issue of title in dispute. We disagree that this assertion alone amounted to an explicit claim of title.

Moreover, we disagree with the City's argument that Morris should have brought a trespass to try title action. A trespass to try title suit is "the method of determining title to lands, tenements, or other real property." TEX. PROP. CODE ANN. § 22.001(a) (West 2000); *see Martin*, 133 S.W.3d at 267. Generally, trespass to try title suits involve competing deeds. *See, e.g., McRae Exploration & Prod., Inc. v. Reserve Petroleum Co.*, 962 S.W.2d 676, 678-79 (Tex. App.—Waco 1998, no pet.) (noting that title dispute between competing deeds did not involve the construction of validity of deeds and therefore was an action for trespass to try title, not for declaratory judgment); *Archaeological Conservancy v. Wilson Land & Cattle Co.*, No. 03-08-00061-CV, 2010 WL 1253576, at *5 (Tex. App.—Austin Mar. 30, 2010, no pet.) (mem. op.) (noting that action to determine title to land under competing deeds is "precisely what the trespass-to-try-title action is intended to address") (citing *Lile v. Smith*, 291 S.W.3d 75, 78 (Tex. App.—Texarkana 2009, no pet.), and *Roberson v. City of Austin*, 157 S.W.3d 130, 136 (Tex. App.—Austin 2005, pet. denied)). Further, Rule 784 provides that the defendant in a trespass to

try title action "shall be the person in possession if the premises are occupied, or some person claiming title thereto in case they are unoccupied." TEX. R. CIV. P. 784. Here, because the City neither possessed the property at issue nor claimed title to the property at issue, Morris could not have properly brought a trespass to try title action against the City. *See id*.; *see also Williams v. Ballard*, 722 S.W.2d 9, 11 (Tex. App.—Dallas 1986, no writ) (noting that the person in possession of the premises is a necessary party defendant in a trespass to try title suit).

On this record, we conclude the evidence is sufficient to support the trial court's judgment awarding Morris attorney's fees under the Declaratory Judgments Act. Thus, we overrule the City's issues on appeal, and affirm the judgment of the trial court.

Phylis J. Speedlin, Justice