

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00331-CV

**CITY OF PEARSALL**,
Appellant

v.

Sergio **CORREA**,
Appellee

From the 218th Judicial District Court, Frio County, Texas
Trial Court No. 16-12-00464CVF
Honorable Russell Wilson, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Karen Angelini, Justice
                  Patricia O. Alvarez, Justice

Delivered and Filed:  November 14, 2018

AFFIRMED

City of Pearsall appeals the trial court's order denying its plea to the jurisdiction with regard to Sergio Correa's claim seeking a declaration that the City's ordinance number 2012-12-179 is invalid or unconstitutional.[1]  We affirm the trial court's order.

---

[1] The trial court's order granted the City's plea to the jurisdiction as to six other claims, but that portion of the trial court's order is not challenged on appeal.

**BACKGROUND**

In 2012, the City passed ordinance number 2012-12-179 which allowed residents to own and operate a gaming room with eight-liner machines so long as the owner paid an annual permit application fee of $3,000.00 per game room, and an annual inspection permit fee of $1,800.00 per machine. In September of 2016, the City seized forty-four eight-liner machines owned by Correa claiming the seizure was authorized by the ordinance. On November 30, 2016, Correa sued the City alleging numerous claims, including a claim seeking a declaration that the ordinance is unconstitutional. The City filed a plea to the jurisdiction as to all of Correa's claims. The trial court granted the plea as to all claims except the claim seeking a declaration that the ordinance is unconstitutional. The City appeals.

**STANDARD OF REVIEW**

We review a trial court's ruling on a plea to the jurisdiction de novo. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). If the plea to the jurisdiction challenges the pleadings, we liberally construe the pleadings to determine if the plaintiff "has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the plea to the jurisdiction challenges the existence of jurisdictional facts, "we consider relevant evidence submitted by the parties to determine if a fact issue exists." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632–33 (Tex. 2015).

**DISCUSSION**

The City contends the trial court erred in denying its plea as to Correa's declaratory judgment claim. Correa responds the City's immunity is waived under the Uniform Declaratory Judgments Act (UDJA).

Section 37.004(a) of the UDJA allows a person "whose rights, status, or other legal relations are affected by a … municipal ordinance … [to] have determined any question of …

validity arising under the … ordinance … and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a). Section 37.006(b) further provides, "In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard." *Id*. § 37.006(b). The Texas Supreme Court has expressly recognized the UDJA "waives a municipality's immunity in a suit that involves the validity of a municipal ordinance." *City of Dall. v. Albert*, 354 S.W.3d 368, 378 (Tex. 2011); *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009) ("For claims challenging the validity of ordinances or statutes, however, the Declaratory Judgment Act requires that the relevant governmental entities be made parties, and thereby waives immunity."); *Turner v. Robinson*, 534 S.W.3d 115, 127 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (noting UDJA "clearly and unambiguously waives the sovereign immunity of municipalities in any declaratory-judgment action involving the validity of a municipal ordinance"); *Porter v. Montgomery Cty.*, No. 09-15-00459-CV, 2017 WL 629487, at *3 (Tex. App.—Beaumont Feb. 16, 2017, no pet.) (mem. op.) (noting "with respect to claims challenging the validity or constitutionality of an ordinance or a statute, the Texas Supreme Court has recognized that the Declaratory Judgments Act waives immunity"). In addition to the express authority provided by the UDJA to bring a declaratory judgment action to determine any question regarding the validity of an ordinance, the City's ordinance in this case directly affects Correa's right to own and operate a gaming room with eight-liner machines; therefore, a justiciable controversy exists as to the validity of the ordinance. *See City of Austin v. Pendergrass*, 18 S.W.3d 261, 264 (Tex. App.—Austin 2000, no pet.); *City of Schertz v. Parker*, 754 S.W.2d 336, 338 (Tex. App.—San Antonio 1988, no writ); *S. Nat'l Bank of Hous. v. City of Austin*, 582 S.W.2d 229, 236-37 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.).

**CONCLUSION**

Because section 37.004(a) of the UDJA expressly authorizes Correa to seek a declaratory judgment to determine the validity of the ordinance, and the City's immunity is waived as to such a claim, the trial court did not err in denying the City's plea as to that claim. The trial court's order is affirmed.

Sandee Bryan Marion, Chief Justice